```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

|   |   |   |
|---|---|---|
| TRUSTEES OF THE ELECTRICAL WELFARE TRUST FUND, et al. | : | |
| v. | : | Civil Action No. DKC-08-2805 |
| MH PASSA ELECTRICAL CONTRACTING, LLC | : | |

**MEMORANDUM OPINION**

Pending before the court is Plaintiffs' renewed motion for default judgment (paper 20). This action was filed October 22, 2008, and, on March 23, 2009, Plaintiffs filed both an affidavit of service and motion for the entry of default reciting that Defendant was served on February 8, 2009. On April 15, 2009, the clerk entered default, and a copy was mailed to Defendant. On June 25, 2009, Plaintiffs filed the instant motion for default judgment.

Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not. *Lawbaugh*, 359 F.Supp.2d at 422.

Although no amounts were specified, Plaintiffs' complaint seeks interest and liquidated damages for late-paid contributions for the months of February, 2007, through May, 2008. The complaint also seeks contributions, liquidated damages and interest for the months June, 2008, through September, 2008, as well as costs, interest and attorneys fees, and contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment.

In addition to the demands made in Plaintiffs' complaint, Plaintiffs' motion for default judgment requests contributions and damages for work performed from January, 2009, through the present and asks the court to order the Defendant to provide reports for the months of January, 2009, through the present.

Plaintiffs' motion for entry of judgment by default seeks sums not sought in the initial complaint.  Fed. R. Civ. P. 54(c) provides in part that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Although there are circumstances where the result is different,

> When a complaint demands a specific amount of damages, courts have generally held that a default judgment cannot award additional damages.  *See, e.g., Compton v. Alton Steamship Co.*, 608 F.2d 96, 104 (4th Cir.1979); *Producers Equip. Sales, Inc. v. Thomason*, 15 Kan.App.2d 393, 808 P.2d 881, 886 (Kan.Ct.App.1991).  A default judgment cannot be greater than the specific amount sought because the defendant could not reasonably have expected that his damages would exceed that amount.

*In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000).  Although the complaint also sought damages "which become due subsequent to the filing of this action," the court declines to award damages that were not specified in the complaint.

Fed. R. Civ. P. 55(b)(1) provides,

> "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk - on the plaintiff's request, with an affidavit showing the amount due - must enter judgment for that amount and

2

> costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."

Plaintiffs have submitted an affidavit supporting the amounts requested in their motion for default judgment; however, only totals have been provided to the court. The court has not been provided with a breakdown of monthly contributions, liquidated damages, or interest and therefore has no means of calculating a partial default judgment representing the amounts due by Defendant under the initial complaint.

Accordingly, Plaintiffs' renewed motion for entry of default judgment will be denied without prejudice to renewal.

                                         /s/
                            DEBORAH K. CHASANOW
                            United States District Judge